**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3841** |
| | : | |
| **SEPTA TRANSIT POLICE, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**COSTELLO, J.** **AUGUST 13, 2026**

*Pro se* Plaintiff Daniel Enoch Howard commenced this civil action by filing a Complaint that names Defendants the Southeastern Pennsylvania Transit Authority ("SEPTA") Transit Police and "NSA National Security." Howard also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Howard's Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 1, 5) and dismiss the Complaint (ECF No. 2) on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[1]

Howard's handwritten form Complaint is somewhat difficult to decipher. The Court understands him to allege that he received a ticket for fare evasion from the SEPTA Transit Police on June 3, 2026, at the 56th Street Station. (*See* Compl. at 3.) He states that he was "jumping or putting [his] leg over the machine [and] not paying the [fare]," then he was stopped

[1] The facts set forth in this Memorandum are taken from Howard's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

by police and given a "a citation and a court hearing." (*Id.*) He appears to claim that the fine is "a bit much," and asks, rhetorically, "why the citation?" (*Id.* at 4.) He asserts that his "federal question" is "why the police harass people for not paying the [fare,] why the citation [and] having to go to court just because [he] put a leg over the machine and headed to the train." (*Id.* at 2.) Howard names the "SEPTA Transit Police" and "NSA National Security" as Defendants, though he includes no facts regarding the latter. (*Id.*)

The Court notes that publicly available state court dockets indicate that Howard was issued a citation by a SEPTA Police Officer on June 3, 2026, and charged with theft of services under 18 Pa. Cons. Stat. § 3926, and that a summary trial is scheduled from August 14, 2026. *See Commonwealth v. Howard*, No. MC-51-SU-0008798-2026 (Phila. Mun. Ct.).

## II. STANDARD OF REVIEW

Because it appears that Howard is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Howard's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197

(3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Howard is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III. DISCUSSION

It is not clear to the Court what claims Howard seeks to assert against the Defendants,

and the Complaint fundamentally fails to comply with Rule 8 since it does not present any cognizable claim to which any Defendant could respond on the merits. *See id.* However, since Howard invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, (see Compl. at 2), the Court will liberally construe the Complaint to assert claims for violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

The Court has first considered whether Howard is attempting to lodge a claim for a violation of his Fourth Amendment protection against unreasonable search and seizure. However, since Howard appears to concede that he did in fact evade the fare, and therefore the officer who issued him the ticket acted reasonably, he does not state such a claim. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 597-99 (1989) (explaining that the elements of a § 1983 claim for unreasonable search and seizure are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances).

Alternatively, the Court has considered whether Howard intended to assert a claim for a violation of his due process rights, by making him appear in court and potentially pay a fine as a

sanction for his conduct in evading the fare. The procedural aspect of the Fourteenth Amendment's Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must first demonstrate that he has been deprived of a constitutionally protected property or liberty interest. *Daniels v. Williams,* 474 U.S. 327, 339 (1986) (Stevens, J. concurring); *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010). Only upon finding that a protected interest is asserted does a court consider the constitutional sufficiency of the procedures associated with the interest. If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due.

Stated another way, in order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Due process is not a technical conception with a fixed content unrelated to time, place, and circumstance. *Gilbert v. Homar,* 520 U.S. 924, 930 (1997). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). Howard has stated no facts about his participation in the procedures available to him to challenge the charged offense, namely by appearing for his

pending summary trial. Since he has not pleaded that he used the procedures available to him, he cannot state a due process claim.

Howard's allegation appears to be nothing more than that the process of having to appear in court over his fare-jumping charge, and the potential fine he will have to pay, are somehow disproportionate to the offense of evading a fare. To the extent this is a claim of an excessive fine in violation of the Eighth Amendment, *see, e.g., Timbs v. Indiana*, 586 U.S. 146, 156 (2019) (holding that the Excessive Fines Clause is incorporated against the states through the Fourteenth Amendment), that claim is available to him in his state proceedings, and he has not pleaded that the fine has been actually imposed on him yet. Accordingly, he has not stated a claim to relief for an excessive fine. *See Dailey v. City of Philadelphia*, 819 F. App'x 71, 75 (3d Cir. 2020) (explain that excessive fine claims "involve a two-step inquiry: (1) whether a 'fine' is at issue—that is, whether the government, acting with punitive intent, has operated to extract a payment in cash or in kind from a citizen; and (2) if so, whether that fine is excessive, or grossly disproportionate to the gravity of the offense," and that a plaintiff cannot state a claim to relief if the government has not extracted a payment).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915. Because Howard's claims may simply be premature, the dismissal will be without prejudice to his reasserting them by filing a new case at the appropriate time. In other words, Howard may file a new case in federal court once he has used all the processes available to him in state court, if he can cure the defects identified above. However, the Court concludes that leave to amend in

this action would be futile, and the Clerk of Court will be directed to close this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An order follows.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**